**McKAY et al. v. KILCREASE.** (No. 1621.)

(Court of Civil Appeals of Texas. Amarillo. March 3, 1920.)

**1. Mines and minerals ⬥⇒58—One dollar sufficient consideration for oil lease.**

It cannot be said that $1 was an inadequate consideration for an oil lease, in the absence of a showing as to the value of the lease.

**2. Mines and minerals ⬥⇒58—Written oil lease presumed supported by consideration.**

A written oil lease imports a consideration, and, if $1 recited therein is not sufficient, other consideration might be presumed, in the absence of evidence to the contrary, to have been paid in order to uphold the written contract.

**3. Mines and minerals ⬥⇒58—Oil lease construed not to give right to perpetually prevent carrying out main purpose.**

An oil lease providing that the lessee might prevent forfeiture from year to year by paying to the lessor $13.50 a year "until such well is commenced (which must be under two years from date)," *held* not invalid as giving the lessee the right to perpetually prevent the carrying out of the main purpose of the lease by the payment of yearly rentals without limitation of time.

**4. Mines and minerals ⬥⇒79(6)—Payment of rental supported lease, although original consideration was inadequate.**

Assuming that payment of $1, recited in oil lease, was not sufficient to support the contract, a payment of $13.50 and its acceptance by the lessor was sufficient to maintain the contract in force during the period that such payment would by the terms of the contract protect it from cancellation; the contract providing for an annual payment of such amount to prevent forfeiture for failure to begin a well.

**5. Mines and minerals ⬥⇒79(4)—Instructions of lessor to own agent not to receive rental could not affect lessee.**

Where a bank was by the provisions of an oil lease the agent of the lessor for the receipt of moneys to be paid under the contract, instructions from the lessor to the bank not to receive a certain installment, which would by the terms of the contract protect it from cancellation for a year, of which instructions the lessee had no notice, could not affect the lessee.

**6. Mines and minerals ⬥⇒58—Original consideration for oil lease sufficient to support agreement for surrender.**

The original consideration for an oil lease will also support an agreement in the lease that the lessee might surrender the lease at any time.

Appeal from District Court, Clay County; Wm. N. Bonner, Judge.

Suit by D. G. Kilcrease against L. McKay and others. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

Wood & Wood, of Dallas, and Stine & Stine, of Henrietta, for appellants.

Taylor, Allen & Taylor, Wantland & Dickey, and L. W. Parrish, all of Henrietta, for appellee.

BOYCE, J. The appellee brought this suit to cancel an instrument, which we shall, for convenience and without committing ourselves to a decision as to whether that is the proper term of description, call an oil, gas, and mineral lease on certain lands in Clay county, Tex. The lease is dated April 1, 1918, and by its terms the appellee granted to the appellant McKay, his heirs and assigns, "all of the oil, gas, coal, and other minerals in and under" 135 acres of land belonging to appellee, with the right of ingress and egress at all times, for the purpose of drilling, mining, etc., and with right to use and occupy the premises for such purpose. The consideration recited is the sum of $1, receipt of which was acknowledged, and the further consideration of the covenants on the part of the lessee. The lease provided for the payment of certain stipulated royalties. The habendum clause of the instrument is as follows:

"To have and to hold the above-described premises unto the said party of the second part [the lessee], his heirs and assigns, on the following conditions: In case operations for either drilling of a well for oil, gas, mining, or other minerals are not commenced and prosecuted with due diligence within twelve months from this day, then this grant shall immediately become null and void as to both parties: Provided that the second party may prevent such forfeiture from year to year by paying to the first party the sum of $13.50 per year until such well is commenced (which must be under two years from date), * * * which payment can be made at W. B. Worsham Company Bank at Henrietta, Texas, or payable direct to the party of the first part."

It is further provided that, in the event oil, gas, etc., should be discovered, then the grant should be in full force and effect for 25 years, from the time of the discovery, and as much longer as such products could be produced in paying quantities thereon. The instrument also recited:

"This grant is not intended as a mere franchise, but is intended as a conveyance of the property above described for the purposes herein mentioned, and it is so understood by both parties to this agreement."

It contained a surrender clause, which is as follows:

"The party of the second part may at any time execute an instrument admitting and declaring this contract canceled and upon delivery of the same to the party of the first part, or upon the filing of same for record, this contract and all liabilities and payments under it from and after such date shall cease and determine."

The sole ground alleged for the cancellation of the lease is that the contract is void, because it is unilateral and without consideration. The only evidence introduced upon the trial was the written lease and the following stipulation:

"It is agreed that the rental provided for in said lease, amounting to $13.50, was tendered to W. B. Worsham Bank at Henrietta, Tex., before the 1st day of April, 1918, and that said money was received by said bank, but not placed to the credit of said D. G. Kilcrease, for the reason that prior to the receipt of same the said D. G. Kilcrease had instructed said bank not to receive said money."

The other proceedings in the transcript indicate that the date, April 1, 1918, as it appears in this agreement, is a mistake, and that it should have been April 1, 1919.

For the purpose of this decision, it is not material whether we regard the contract as a conveyance of a vested interest in the land or as an option. In either event, we think the judgment of the court canceling the contract was wrong. The court's conclusions of law are as follows:

"(1) The court concludes that the option for an oil, gas, and mineral lease, given by the plaintiffs to the defendant, is void, for the reason that it gives to the defendant, his heirs and assigns, the right to perpetually prevent the carrying out of the main purpose of the lease by paying a small consideration of $13.50 from year to year without limitation of time, and without fixing any time in which the defendant must either proceed to develop the land for minerals or abandon the lease.

"(2) The court concludes that the consideration of $1 is nominal, and not such a consideration as the law requires to support this character of contract."

We think the court was in error in both conclusions. We will consider the second conclusion first.

[1, 2] There was no evidence on which this conclusion could be based. It is not even shown that the consideration was inadequate, as there was no evidence whatever introduced as to the real value of an oil lease on this land. The written contract imported a consideration, and, even if the $1 recited therein was not sufficient, other consideration might be presumed, in the absence of evidence to the contrary, to have been paid in order to uphold the contract. We have had occasion to discuss this matter of $1 consideration in the recent case of L. McKay v. W. T. Tally (No. 1615) 220 S. W. 167. It is not necessary to add anything further to what is said in that case.

[3-5] The court was wrong in the statement that the contract gave the defendant the right to perpetually prevent the carrying out of the main purpose of the lease by the payment of yearly rentals without limitation of

time. This finding is in face of the express provision of the contract that a well must be begun "under two years from date" of the contract. Even if the payment of the $1 was not sufficient to support the contract, payment of $13.50 and its acceptance by the bank was sufficient to maintain the contract in force during the period that such payment would, by the terms of the contract, protect it from cancellation. McKay v. Tally, supra. The bank was, by the contract, the agent of the lessee for the receipt of the payment of any moneys under the contract. Instructions from the lessor to the bank not to receive the money, of which instructions the lessee had no notice, could not affect the lessee. McKay v. Tally, supra.

[6] We are inclined to think that the original consideration for the contract would be sufficient, also, to support the agreement for surrender by the lessee. This question is elaborately and ably discussed by Judge Cochran in the case of Lindlay v. Raydure (D. C.) 239 Fed. 928, and we are inclined to accept the conclusion reached by him. In any event, the acceptance of the $13.50 would preserve the contract for the period which its payment covered, and this suit was brought within that period, so that it cannot be maintained.

The judgment should have been for the defendant, instead of the plaintiff, and will be so rendered in this court.